UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDALL NOLTING, et al.,

    Plaintiffs,

v.                                    CASE NO. 8:12-CV-1983-T-17AEP

DIRECT MEDIA SERVICES
CORPORATION and MAG
SYSTEMS, INC.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

    Dkt. 6   Motion to Dismiss (Mag Systems, Inc.)
    Dkt. 14  Response

Plaintiffs' Complaint includes Count I, Declaratory Judgment, and Count II, Duty to Indemnify. Plaintiffs attached Exhibits A-K to the Complaint.

Defendant Mag Systems, Inc. moves to dismiss for lack of subject matter jurisdiction, for dismissal for failure to state a claim, and because Plaintiffs' claims are barred by res judicata.

I. Standard of Review

A) Failure to state a claim

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short

Case No. 8:12-CV-1983-T-17AEP

and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570.  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

B. Subject matter jurisdiction

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, can be a facial attack or a factual attack.  In a facial attack, the factual allegations of the Complaint are taken as true.  In a factual attack, the Court may consider matters outside the Complaint, and is free to weigh evidence and satisfy itself as to the existence of its power to hear the case.  In a factual attack, the allegations of the Complaint are not presumptively true.  Where the attack on jurisdiction implicates the merits of the plaintiff's federal cause of action, the Court

Case No. 8:12-CV-1983-T-17AEP

should find that jurisdiction exists and deal with the objection as a direct attack on the merits of plaintiff's case, proceeding under Rule 12(b)(6) or Rule 56. The exceptions to this rule are narrowly drawn, and are intended to allow jurisdictional dismissals only in those cases where the federal claim is clearly immaterial or insubstantial. See Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981).

C. Declaratory Judgment

The Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts. See Household Bank v. JFS Group, 320 F.3d 1249, 1253 (11th Cir. 2003). In the context of a declaratory judgment action, the normal position of the parties is reversed; the Court does not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question, but determines whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law. The Court's inquiry is whether, absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court. The Court analyzes the assumed coercive action by the declaratory judgment defendant. See Stuart Weitzman, LLC v. Microcomputer Resources, Inc., 524 F.3d 859, 862 (11th Cir. 2008).

II. Discussion

A. Preliminary issue

The Court takes judicial notice of the docket of Case No. 292005CA004842001HC, Direct Media Services, Inc. and Mag Systems, Inc. v. Jhadwarn, Inc. et al., Hillsborough County Circuit Court. The Court notes that a non-jury final judgment in the amount of $1,124,630.98 was entered in the Hillsborough County Circuit Court on December 15, 2011 in favor of Defendant Mag Systems, Inc.

Case No. 8:12-CV-1983-T-17AEP

and against Plaintiffs Randall Nolting and Stephanie Nolting. Plaintiffs moved for relief from the judgment, or to set aside the judgment, which the Hillsborough County Circuit Court denied. The Second District Court of Appeals has affirmed the ruling of the Hillsborough Count Circuit Court. (Dkt. 6-1).

B. Subject matter jurisdiction

The basis of jurisdiction is diversity. Plaintiffs allege:

> 5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1332, because Plaintiffs and Defendants are citizens of different States and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

Defendant Mag Systems, Inc. argues that, although Plaintiffs allege that the amount in controversy exceeds $75,000, it is clear from the face of the Complaint, with the attached Exhibits, that Plaintiffs' damages are at most the $50,000 Plaintiffs claim they paid to Defendant Direct Media Services Corporation, and Plaintiffs allege no other loss or potential loss. Defendant Mag Systems, Inc. argues that, in a diversity action, the amount in controversy is measured by the amount of the plaintiff's claim. Rosario Ortega v. Star-Kist Foods, Inc., 370 F.3d 124, 127-128 (1st Cir. 2004)(citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). When it appears legally certain that the claim is really for less than the jurisdictional amount, dismissal is justified. Id. at 127.

In Par. 31, Plaintiffs allege:

> 31. It was common knowledge that the full amount of the first wire transfer for $50,000, was immediately paid directly to Mag Systems with Direct Media acting as partial straw man, for Mag Systems. After this

Case No. 8:12-CV-1983-T-17AEP

transaction Direct Media would dissolve itself by years end.

Plaintiffs also allege that the underlying judgment is in the amount of $1,124,630.98. (Dkt. 1, par. 36).

In Count I, Plaintiffs allege that they have completely discharged all legal obligations owed by them to both Defendant Direct Media Services Corporation and Defendant Mag Systems, Inc. Plaintiffs seek a declaration of the rights of the parties with respect to the Release Agreement.

Article 4.3, <u>Release and Indemnity Agreements</u>, states:

> 4.3  <u>Indemnification</u>. Effective as of the date of this Agreement, Florida Parties hereby agree to defend, indemnify and hold harmless buyer and the Noltings from Claims that either Buyer or the Noltings may be called upon to pay now, or any losses sustained due to Claims, at any later date, to any individual, corporation, or the like by way of indemnity, contribution, or otherwise in connection with such Claims, including, but not limited to, those arising out of or relating by way of lawsuit or bankruptcy. This right of indemnity specifically arises as to any and all events which could arise in the bankruptcy of JHADWARN, INC. due to the actions of JHADWARN, INC., which may result in harm to either Buyer or Noltings. Such events would include but not be limited to a challenge that some of the assets conveyed herein are rightfully owned by JHADWARN, INC. or that the assets of the (sic) JHADWARN, INC. were conveyed in such a way that buyer, Noltings or both were called upon to either return the assets or pay for assets that may have been determined to have been improperly transferred. This agreement to indemnify includes, without limitation, attorneys' and other fees and costs. Should Buyer or Noltings be called upon to make any payments or sustain any loss other than the Purchase price, as defined in this Agreement, to any person, corporation, or other, related

Case No. 8:12-CV-1983-T-17AEP

> to Claims, Florida Parties, do hereby agree to indemnify Buyer and the Noltings for any and all said sums. It is the intent of the Parties that Buyer and the Noltings shall not be required to pay any further sums as a result of the aforementioned Claims and obligations, including but not limited to any and all claims or defenses asserted in the Suit, to any other individual, corporation, or the like. Further, it is the intent of the Parties that this agreement to indemnify shall extend to the defense of the validity and ownership of the Assets against a bankruptcy Trustee of any and all chapters.

The Court notes that Defendant Mag Systems Inc. is not a party to the Asset Purchase Agreement and Release Agreement of July 3, 2009 (Dkt. 1-6). The Court also notes the following provision:

> 8.9 <u>Governing Law, Jurisdiction, Forum Selection.</u> This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Ohio as it applies to a contract made and performed in such State and without regard to its conflict of laws provisions that would require the application of any other jurisdiction's law. Any and all actions pertaining to this Agreement or its subject matter shall only be brought in a court of competent jurisdiction in Hamilton County, Ohio. All parties irrevocably consent to the jurisdiction of such courts.

Any declaratory judgment action as between Plaintiffs Randall Nolting and Stephanie Nolting and Direct Media Services Corporation, parties to the Asset Purchase and Release Agreement, is to be brought in a court of competent jurisdiction in Hamilton County, Ohio.

As to a declaratory judgment action between Plaintiffs Randall Nolting and Stephanie Nolting and Defendant Mag Systems, Inc., the Court notes that the Plaintiffs allege that Defendant Direct Media Services Corporation paid $50,000 to Defendant Mag Systems after Plaintiffs and Defendant Direct Media Services Corporation entered

Case No. 8:12-CV-1983-T-17AEP

into the Asset Purchase and Release Agreement. However, $50,000 is not a sufficient amount to establish the jurisdiction of this Court over Defendant Mag Systems, Inc. where the only basis for jurisdiction is diversity. Because this Court does not have subject matter jurisdiction as to the claim against Defendant Mag Systems, Inc., the Court will not rule on the motion to dismiss under Fed. R. Civ. P. 12(b)(6).

After consideration, the Court dismisses this case without prejudice as to Defendant Mag Systems, Inc. for lack of subject matter jurisdiction, and dismisses this case without prejudice as to Defendant Direct Media Services Corporation for improper venue. Accordingly, it is

**ORDERED** that the Motion to Dismiss (Dkt. 6) is **granted** as to Defendant Mag Systems, Inc. for lack of subject matter jurisdiction. This case is **dismissed without prejudice** as to Defendant Mag Systems, Inc. It is further

**ORDERED** that this case is **dismissed without prejudice** as to Defendant Direct Media Services Corporation for improper venue. The Clerk of Court shall close this case.

DONE and ORDERED in Chambers, in Tampa, Florida on this 7th day of December, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record